## THE STATE, OTTO BRANT ET AL., PROSECUTORS, v. AARON FROEHLICH.

1. Under the "Act for the better protection of manufacturers and bottlers of and dealers in mineral waters, beer, ale, porter and other beverages," approved March 11th, 1881, an appeal lies to the Quarter Sessions, notwithstanding the supplement to the Small Cause act, approved March 17th, 1882.
2. In proceedings under said act, no state of demand is required or proper; the issue to be tried is as to the truth of the sworn complaint.
3. The complaint is defective if it charges in the alternative the commission of one or another of several offences.

On *certiorari.* The facts sufficiently appear in the opinion.

Argued at November Term, 1886, before Justices MAGIE, PARKER and REED.

For the prosecutors, *J. M. Morrow.*

For the defendant, *Louis Hood.*

The opinion of the court was delivered by

MAGIE, J. The proceedings returned with this writ of *certiorari* show a sworn complaint, before a justice of the peace, under the "Act for the better protection of manufacturers and bottlers of and dealers in mineral waters, beer, ale, porter and other beverages," approved March 11th, 1881 (*Pamph. L., p.* 95); a trial thereon; a motion to non-suit, which was refused; a judgment rendered against Froehlich, and for the benefit of the overseer of the poor, under the provisions of a supplement to said act, approved March 25th, 1885 (*Pamph. L., p.* 168). They also show an appeal by Froehlich to the Quarter Sessions; a trial in that court; a motion to non-suit, which was granted.

The person who made the complaint and the overseer of the poor prosecute this writ.

Prosecutors first contend that the Sessions had no authority to entertain the appeal.

The original act, by section 10, gave an appeal to the Sessions, in express terms, but it is insisted that the appeal so given was taken away and an appeal was given to a District Court, under the provisions of the supplement to the Small Cause act, approved March 17th, 1882. *Pamph. L., p.* 137.

This court has declared the last-named act inoperative, except as to judgments rendered in courts for the trial of small causes. *Evernham* v. *Hulit,* 16 *Vroom* 53.

The proceeding provided for by the act of 1881, above mentioned, is not in the court for the trial of small causes, but before a special tribunal, composed of a justice of the peace. The provisions of the act differ from those construed in *Greely* v. *Passaic,* 13 *Vroom* 429, and manifestly direct a summary proceeding before a specified officer. This conclusion is not inconsistent with section 2, which requires the proceedings to be regulated, when not otherwise prescribed by the act, by the provisions of the Small Cause act. For this does not tend to change the constitution of the court, but only to prescribe rules for its conduct.

The result is that the act of 1882 does not apply to these proceedings, and the appeal to the Sessions was proper.

Prosecutors next contend that the judgment of the Sessions was based on alleged defects in a state of demand filed in the proceedings; that the act under which the proceedings were instituted did not require or permit that pleading, but required the trial to be had only on the charges contained in a sworn complaint under section 5.

It is not clear, from the record, that the judgment rendered was based on that pleading.

But if it were so, prosecutors may not urge this objection. An examination of the act renders it plain that a demand was unnecessary and superfluous. The issue to be tried is the truth of the complaint (section 7), and therefore the sworn complaint is the only pleading required or proper. But prosecutors filed the demand. They thereby asserted their right

to thus frame an issue. No such objection as is now made was or could have been made below. The demand, in fact, conformed to the complaint, and was only a restatement of its charges. An objection to it was substantially an objection to the complaint. At all events, after inducing their opponents and the court to act on the pleading (if they did so), prosecutors cannot now insist that the pleading was superfluous, especially as its faults were equally contained in the sworn complaint.

Both the sworn complaint and the demand which reiterated its charges are defective. They charge Froehlich, in the alternative, with the commission of one or another out of several of the offences created by the act. These offences were set out in the disjunctive, so that it was impossible for him to know on which charge he was to be tried. It has not been seriously contended here that such a mode of charging the offences was correct.

But it was suggested that prosecutors ought to have been allowed to amend in the Sessions as they asked to do. How the sworn complaint could have been amended does not appear. But there was no power of amendment. None has been expressly given in such cases. If, by the application of the provisions of the Small Cause act to these proceedings, amendments may be made, the power to amend is subject to the limitation imposed by that act. By section 112, power to amend does not exist in the appeal court when, on the same objections, the court below has not made the amendment. These objections were made below, and no amendment was there made.

None of the objections touch the validity of this judgment, and it should be affirmed.

The same result has been reached in the case of *State, Marrer et al., pros.*, v. *Froehlich*, in which the same facts were presented.